UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| TINA GREGG and husband, | ) | |
| JAMES E. GREGG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CV-348 |
| | ) | (VARLAN/GUYTON) |
| J.J. HATMAKER, Individually, | ) | |
| and as an Officer and Assistant Chief of Police | ) | |
| of the Jellico, Tennessee Police Department; | ) | |
| CHRIS ANDERSON, Individually | ) | |
| and in his capacity as a Police Chief | ) | |
| for the Jellico, Tennessee Police Department; | ) | |
| and the CITY OF JELLICO, | ) | |
| an incorporated Municipality, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on the Partial Motion to Dismiss [Doc. 3], filed by defendants J.J. Hatmaker and Chris Anderson, in their individual capacities (collectively "defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In the motion, defendants assert that plaintiffs' complaint fails to state a claim for which relief may be granted under the Fifth, Eighth, and Fourteenth Amendment to the U.S. Constitution and the Tennessee Constitution, and therefore defendants are entitled to partial dismissal of such claims. Plaintiffs have filed a response [Doc. 14], in which they "concede that the [motion to dismiss] may be valid" as to the claims enumerated by defendants in the motion to dismiss [*Id.*, p. 2]. Plaintiffs, however, request also that the Court withhold judgment on the motion to dismiss until the parties have had a chance to perform an initial

round of discovery, which, plaintiffs assert, "should occur in the very near future." [*Id.*]. Plaintiffs aver that there may be ordinances, resolutions, and/or directives that directly impact the issues in this case. Defendants have filed a reply [Doc. 14], asserting that plaintiffs have acknowledged the validity of the motion to dismiss and offered no substantive opposition to the relief requested. Defendants assert that they have demonstrated that the dismissal of these claims is appropriate and plaintiffs' request that the Court withhold ruling pending discovery is without merit [*Id.*, p. 2].

Upon review of the motion to dismiss and the law cited therein, along with plaintiffs' allegations in the complaint and plaintiffs' lack of a substantive response in opposition, the Court will grant the partial motion to dismiss. Simply submitting that further discovery is necessary on un-identified ordinances and resolutions, without identifying how such discovery would aid plaintiffs' in the prosecution of their claims or why plaintiffs have not been able to perform such discovery, is insufficient to delay a ruling on a motion to dismiss pursuant to Rule 12(b)(6) when defendants have argued that dismissal is appropriate according to properly referenced case law and the facts as alleged in the complaint.[1]

Plaintiffs allege that defendants violated their constitutional rights under the Fifth Amendment [Doc. 1-1, pp. 3-4]. The Fifth Amendment applies to only the federal

---

[1]The Court also notes that plaintiffs' complaint was filed on June 27, 2011 in state court [Doc. 1-1], removed to this Court on July 22, 2011 [Doc. 1], and that defendants' partial motion to dismiss was filed on July 29, 2011 [Doc. 3]. Plaintiffs also requested and were granted additional time to file a response to defendants' motion [Doc. 10]. Accordingly, this is not a case in which plaintiffs have had insufficient time to engage in at least enough discovery to have filed a response to defendants' partial motion to dismiss.

government and a claimant's reliance on this amendment is redundant when the Fourteenth Amendment is also cited. *Seigel v. City of Germantown*, No. 01-5349, 2001 WL 1563651, at *1 (6th Cir. Dec. 3, 2001) (citing *Scott v. Clay County*, 205 F.3d 867, 873 n.8 (6th Cir. ), *cert. denied*, 531 U.S. 874 (2000)). In the complaint, plaintiffs allege that defendants were acting in their capacity as police officers for the City of Jellico, Tennessee [*Id.*, p. 2]. Plaintiffs do not allege that defendants were acting as federal officers. Accordingly, because plaintiffs do not allege that defendants' actions were on behalf of any agency of the federal government, plaintiffs' Fifth Amendment claim against defendants fails and it will be dismissed for failure to state a claim.

Plaintiffs also allege that, due to plaintiff Tina Gregg's detention and arrest, defendants violated their rights under the Eighth and Fourteenth Amendments and pursuant to 42 U.S.C. § 1983 [*Id.*, pp. 3-8]. However, claims made pursuant to § 1983 for an alleged violation of a claimant's constitutional rights relating to an arrest are properly analyzed under the Fourth Amendment to the U.S. Constitution, and its "reasonableness" standard, rather than the Eighth and Fourteenth Amendments. *See Henderson v. Reyda*, No. 05-6315, 2006 WL 2220981, at *3 (6th Cir. Aug. 3, 2006) Thus, plaintiffs' claims under the Eighth and Fourteenth Amendments relating to the arrest and detention of plaintiff Tina Gregg are properly analyzed under the Fourth Amendment and their Eighth and Fourteenth Amendments claims will be dismissed for failure to state a claim.

Plaintiffs also allege that defendants violated their rights under the Tennessee Constitution. Precedent from the U.S. Court of Appeals for the Sixth Circuit, however,

establishes that Tennessee does not recognize a private cause of action for damages premised on a violation of the Tennessee Constitution. *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (affirming the dismissal of the plaintiff's claim for damages based upon a violation of the right to privacy under the Tennessee Constitution because "Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution"); *Wooley v. Madison County, Tenn.*, 209 F. Supp. 2d 836, 844 (W.D. Tenn. 2002) ("[I]t is well established that Tennessee does not recognize an implied private cause of action for damages based upon violation of the Tennessee Constitution) (citing *Lee v. Ladd*, 834 S.W.2d 323, 324 (Tenn. Ct. App. 1992)); *Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999) ("Tennessee, however, has not recognized any such implied cause of action for damages based upon violations of the Tennessee Constitution."). Accordingly, given the foregoing, plaintiffs' claims pertaining to violations of the Tennessee Constitution fail to state a claim for which relief may be granted and those claims will be dismissed for failure to state a claim.

In sum, defendants' partial motion to dismiss [Doc. 3] is **GRANTED** and plaintiffs' claims based upon the Tennessee Constitution and the Fifth, Eighth, and Fourteenth Amendment to the U.S. Constitution, are hereby **DISMISSED** for failure to state a claim.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE